Mr. Justice Colcock
delivered the opinion of the court.
Where money is paid by a debtor to a creditor who has several demands against him, and no directions are given how it shall be applied, ás a general rule, the creditor may apply it as he pleases, (2 Strange, 1194. Godard vs. Cox, 14 East, 242.) Both the bonds bore interest. Both were due. I therefore think the defendant made a just as well as legal application of the money.
But it cannot be contended with any hope of success,that the plaintiff should recover in the case; for 911 the revival of the second judgment, a statement was given to him, by which he must have known and seen how the money had been applied. He is then considered as having *370 acquiesced ih the application of the money; for if he did not, why not then object? The court had the power to have relieved him, and if he had been entitled to any relief, would, no doubt, have granted it. Even in cases where one has a receipt, which he fails to produce on the trial, he is not permitted to recover the amourit by action after a verdict has passed against him ; (Hampton and Marriott, Grimke, &c.) because this would tend to endless litigation.
The motion is granted.
Justices Richardson, Huger and Bat/, concurred.